STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss.                         CIVIL ACTION
                                        DOCKET NO. RE-2018-119

KEYBANK NATIONAL          )
ASSOCIATION,              )
                          )
        Plaintiff,        )
                          )
    v.                    )
                          )
CYNTHIA ANN WATSON AS     )
PERSONAL REPRESENTATIVE   )
OF THE ESTATE OF JOHN C.  )
WATSON JR. A/K/A JOHN C.  )
WATSON,                   )
                          )       ORDER ON PLAINTIFF'S MOTION FOR
        Defendant,        )              SUMMARY JUDGMENT
                          )
    and                   )
                          )
U.S. BANK NATIONAL        )
ASSOCIATION, AS TRUSTEE   )
FOR TBW MORTGAGE-         )
BACKED TRUST SERIES 2007-2, )
AND TBW MORTGAGE PASS-    )
THROUGH CERTIFICATES      )
SERIES 2007-2, and STATE OF )
MAINE, MAINE REVENUE      )
SERVICES,                 )
                          )
        Parties in Interest. )

Before the Court is Plaintiff KeyBank National Association's ("KeyBank") Motion

for Summary Judgment on its Complaint for Foreclosure. Party in Interest U.S. Bank

National Association, as Trustee for TBW Mortgage-Backed Trust Series 2007-2 and TBW

Mortgage Pass-Through Certificates Series 2007-2 ("U.S. Bank") opposes KeyBank's

Motion. For the following reasons, KeyBank's Motion is granted. REC'D CUMB CLERKS OFC
NOV 10 '21 AM8:27

I.    Background

The following facts are undisputed, unless otherwise noted. On November 14, 2000, John C. Watson, Jr. a/k/a John C. Watson ("Borrower") executed and delivered to KeyBank a Key Equity Options Agreement with a credit limit of $80,000 ("the KeyBank Note"). (Pl.'s S.M.F. ¶ 1.) The KeyBank Note provided for a fifteen-year draw period within which advances might be made against the KeyBank Note. (Pl.'s S.M.F. ¶ 1.)

On November 14, 2000, Borrower also executed and delivered to KeyBank a Home Equity Line of Credit Mortgage ("the KeyBank Mortgage"), granting KeyBank a mortgage interest in real property located at 110 Mayberry Road, Gray, Maine ("the Property") to secure the obligations under the KeyBank Note. (Pl.'s S.M.F. ¶ 3.) The Mortgage was recorded in the Cumberland County Registry of Deeds in Book 15879, Page 204 on November 28, 2000. (Pl.'s S.M.F. ¶ 4; Pl.'s Ex. B.) On December 9, 2004, the credit limit under the KeyBank Note was increased to $140,000. (Pl.'s S.M.F. ¶ 5.) KeyBank is the current holder of the KeyBank Note and owner of the KeyBank Mortgage. (Pl.'s S.M.F. ¶¶ 2, 6.)

On March 16, 2007, Borrower executed and delivered to Taylor, Bean & Whitaker Mortgage Corporation ("TBW") a promissory note for the amount of $174,000 ("the TBW Note") and a mortgage granting to TBW a mortgage interest in the Property ("the TBW Mortgage"). (U.S. Bank's S.M.F. ¶¶ 1, 2.) TBW disbursed $141,965.65, which was used by Borrower to pay down to zero the sums then drawn under the KeyBank Note on or about March 22, 2007. (U.S. Bank's S.M.F. ¶¶ 5, 6; Pl.'s S.M.F. ¶ 8.) Neither U.S. Bank nor KeyBank has produced evidence of a request from Borrower or any other person to close the line of credit and discharge the KeyBank Mortgage, and KeyBank asserts that they never received such a request. (Pl.'s S.M.F. ¶ 10.) On December 30, 2008, and periodically thereafter, KeyBank again extended credit and advanced funds to Borrower under the terms of the KeyBank Note. (Pl.'s S.M.F. ¶ 11.)

Borrower died testate on December 14, 2015.[1] (Pl.'s S.M.F. ¶ 12.) Borrower defaulted on the KeyBank Note when he failed to make the payment due on January 18, 2016, and all subsequent payments. (Pl.'s S.M.F. ¶ 14.) On February 20, 2018, counsel for KeyBank sent written notice to the Estate of Borrower at the Estate's last known address, advising of the payment default and the opportunity to cure the default. (Pl.'s S.M.F. ¶ 16; Pl.'s Ex. C.) The outstanding balance on the KeyBank Note as of May 12, 2020 was $182,309.36, inclusive of the principal balance on the KeyBank Note, interest, late charges, legal fees, appraisal fees, property preservation fees, and discharge/reconvey fees. (Pl.'s S.M.F. ¶ 17.)

On April 14, 2016, Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for TBW, assigned its interest in the TBW Mortgage to U.S. Bank. (U.S. Bank's S.M.F. ¶ 7; U.S. Bank's Ex. L.) TBW assigned its interest in the TBW Mortgage to U.S. Bank on July 29, 2016. (U.S. Bank's S.M.F. ¶ 8; U.S Bank's Ex. M.) U.S. Bank is the current owner of the TBW Mortgage. (U.S. Bank's S.M.F. ¶ 9.)

KeyBank claims that it is entitled to judgment as a matter of law pursuant to 14 M.R.S. § 6322 (2021) because the record establishes Borrower's breach of a condition of the KeyBank Mortgage and the amount due thereon. KeyBank asserts that its interest in the Property has priority over the interests of all parties in interest.[2] Party in Interest U.S. Bank opposes KeyBank's Motion on the basis that KeyBank's interest in the Property should be equitably subrogated to U.S. Bank's interest because Borrower used funds advanced by TBW to pay off the KeyBank Note.

---

[1] Defendant Cynthia Ann Watson was appointed Personal Representative of the Estate of Borrower May 31, 2016. (Pl.'s S.M.F. ¶ 13.)
[2] KeyBank states that Party in Interest State of Maine, Maine Revenue Services may have an interest in the Property by virtue of a silent lien claim against the Estate of M. Priscilla Watson, but asserts that KeyBank's interest is superior to any interest of Maine Revenue Services. (Pl.'s S.M.F. ¶ 20.)

## II. Legal Standard

A party is entitled to summary judgment when review of the parties' statements of material facts and the record to which the statements refer demonstrates that there is no genuine issue as to any material fact in dispute, and that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821. A contested fact is material if it could potentially affect the outcome of the case. *Dyer*, 2008 ME 106, ¶ 14, 951 A.2d 821. A genuine issue of material fact exists if the claimed fact would require a factfinder to "choose between competing versions of the truth." *Id.* (quoting *Farrington's Owners' Ass'n v. Conway Lake Resorts, Inc.*, 2005 ME 93, ¶ 9, 878 A.2d 504).

When deciding a motion for summary judgment, the court reviews the evidence in the light most favorable to the non-moving party. *Id.* The evidence offered in support of a genuine issue of material fact "need not be persuasive at that stage, but the evidence must be sufficient to allow a fact-finder to make a factual determination without speculating."[3] *Est. of Smith v. Cumberland County*, 2013 ME 13, ¶ 19, 60 A.3d 759.

## III. Discussion

### A. Foreclosure

To be entitled to summary judgment on a foreclosure claim, a mortgagee must establish each of eight elements, supported by evidence of a quality that could be admissible at trial. *Chase Home Fin. LLC v. Higgins*, 2009 ME 136, ¶¶ 9-10, 985 A.2d 508. There must be no dispute of material fact as to any element. *Id.* The eight elements are:

---

[3] Each party's statements must include a reference to the record where "facts as would be admissible in evidence" may be found. M.R. Civ. P. 56(e). A party's opposing statement of material facts "must explicitly admit, deny or qualify facts by reference to each numbered paragraph, and a denial or qualification must be supported by a record citation." *Stanley v. Hancock Cnty. Comm'r*, 2004 ME 157, ¶ 13, 864 A.2d 169.

1. The existence of the mortgage, including the book and page number of the mortgage, and an adequate description of the mortgaged premises, including the street address, if any;

2. Properly presented proof of ownership of the mortgage note and the mortgage, including all assignments and endorsements of the note and the mortgage;

3. A breach of condition in the mortgage;

4. The amount due on the mortgage note, including any reasonable attorney fees and court costs;

5. The order of priority and any amounts that may be due to other parties in interest, including any public utility easements;

6. Evidence of properly served notice of default and mortgagor's right to cure in compliance with statutory requirements;

7. After January 1, 2010, proof of completed mediation (or waiver or default of mediation), when required, pursuant to the statewide foreclosure mediation program rules;

8. If the homeowner has not appeared in the proceeding, a statement, with a supporting affidavit, of whether or not the defendant is in military service in accordance with the Servicemembers Civil Relief Act.

*Id.* ¶ 10 (citations omitted); *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700.

The fifth element is the only element in dispute. KeyBank has satisfied the remaining elements. Thus, KeyBank will be entitled to summary judgment if there is no dispute of material fact as to the order of priority and U.S. Bank is not entitled to equitable subrogation.

**B. Priority and Equitable Subrogation**

It is undisputed that the KeyBank Mortgage was recorded before the TBW Mortgage was recorded. It is also undisputed that the KeyBank Mortgage and KeyBank Note provided for the possibility of future advances. 33 M.R.S. § 505(5) (2021) provides:

Future advances secured by a mortgage have priority over the rights of all persons who, subsequent to the recording of such a mortgage, acquire any rights in or liens upon the mortgaged real estate to the extent that the aggregate amount of all debts or obligations secured at any one time,

including future advances but excluding protective advances, does not exceed the total amount stated in the mortgage . . . .

Pursuant to § 505(5), advances made by KeyBank after the TBW Mortgage was recorded are entitled to priority over U.S. Bank's interest because the KeyBank Mortgage securing those advances was recorded prior to the TBW Mortgage.

U.S. Bank nonetheless argues that the Court should apply the doctrine of equitable subrogation to substitute U.S. Bank's interest in the Property for KeyBank's interest in the Property. Derived from principles of restitution and unjust enrichment,[4] equitable subrogation is "the substitution of one person in place of another, whether as a creditor or as the possessor of any other rightful claim, so that he who is substituted succeeds as to the rights of the other in relation to the debt or claim and its rights, remedies or securities." *Associated Hosp. Serv. of Me. v. Me. Bonding & Cas. Co.*, 476 A.2d 189, 190 (Me. 1984); *see N.E. Ins. Co. v. Concord Gen. Mut. Ins. Co.*, 433 A.2d 715, 719 (Me. 1981). "The doctrine requires that the equities of the parties be weighed and balanced." *United Carolina Bank v. Beesley*, 663 A.2d 574, 576 (Me. 1995). Thus, equitable subrogation may not be applied "so as to work injustice, or defeat a legal right, or to overthrow a superior or perhaps equal equity, or to displace an intervening right or title." *Id.* (quoting *Fed. Land Bank of Springfield v. Smith*, 129 Me. 233, 238, 151 A. 420, 422 (1930)).

As support for its equitable subrogation argument, U.S. Bank relies on *United Carolina Bank v. Beesley*, 663 A.2d 574 (Me. 1995), and *Federal National Mortgage Association v. OneWest Bank, N.A.*, No. RE-16-310, 2017 Me. Super. LEXIS 260 (Sept. 25, 2017). In *Beesley*, two married couples each purchased a one-half interest in a property. 663 A.2d

---

[4] *See Nappi v. Nappi Distribs.*, 1997 ME 54, ¶ 8 n.1, 691 A.2d 1198 ("Where property of one person is used in discharging an obligation owed by another ... under such circumstances that the other would be unjustly enriched by the retention of the benefit thus conferred, the former is entitled to be subrogated to the position of the obligee or lien-holder." (quoting Restatement of Restitution § 162 (Am. Law Inst. 1937))).

at 575. All four owners executed and delivered a mortgage to Eastern Mortgage Company ("Eastern"). *Id.* Later, one couple executed and delivered a promissory note and mortgage to ComFed Mortgage Company ("ComFed") and used part of the proceeds to discharge the Eastern mortgage. *Id.* The couple misrepresented to ComFed that they owned the property in its entirety. *Id.* ComFed then assigned the note to United Carolina Bank ("United Carolina"). *Id.* The couple defaulted on the ComFed note, and United Carolina brought an action to foreclose on the property, at which point it discovered the couple's misrepresentation. *Id.*

The Law Court ruled that United Carolina should be equitably subrogated to the rights of Eastern. *Id.* at 576. The Court reasoned that ComFed had paid a debt owed by both couples when it paid off the Eastern mortgage, thereby providing a benefit to the couple who had not executed the mortgage to which the couple was not entitled. *Id.*

In *Federal National Mortgage Association v. OneWest Bank, N.A.*, the predecessors-in-interest to Federal National Mortgage Association ("FNMA") and Bank of America, N.A. ("BANA") owned mortgages on overlapping parcels. 2017 Me. Super. LEXIS 260, at *4-6. BANA's mortgage was junior to FNMA's mortgage, and both mortgages were junior to a mortgage owned by America's Wholesale Lender ("AWL"). BANA paid off the AWL mortgage. *Id.* at *6. By so doing, BANA bestowed a benefit on FNMA (elevating its position in the order of priority) to which it was not entitled. *Id.* at *9. The Superior Court (Cumberland County, *Horton, J.*) agreed with BANA's argument for equitable subrogation, but held that it was untimely made because BANA failed to raise it as an affirmative defense in its answer. *Id.* at *10.

This matter is readily distinguishable from *Federal National Mortgage Association* and *Beesley*. Unlike FNMA's predecessor or the Beesleys, KeyBank did not receive a benefit to which KeyBank was not otherwise entitled when Borrower used funds

advanced by TBW to pay off the balance then incurred on the KeyBank Note. There is no evidence that KeyBank or Borrower made misrepresentations as to the status of the KeyBank Mortgage or breached an agreement to discharge the KeyBank Mortgage. KeyBank was not unjustly enriched.

Moreover, if the Court applied the doctrine of equitable subrogation, the result would be inequitable. The KeyBank Note provided for a fifteen-year draw period, and KeyBank properly advanced funds throughout that period. Although U.S. Bank (or TBW) may have expected to obtain priority by paying the debt owed on the KeyBank Note, it failed to take all steps to ensure that the expectation came to fruition. Displacing KeyBank from its priority position because of TBW's mistake would work injustice under these circumstances. Therefore, the Court declines to apply the doctrine of equitable subrogation.

Because KeyBank has established that there is no genuine issue as to the existence of each of the *Chase Home Finance* elements, KeyBank is entitled to judgment as a matter of law.

## IV.    Conclusion

For the foregoing reasons, KeyBank is entitled to summary judgment on its Complaint for Foreclosure.

The entry is:

Plaintiff's Motion for Summary Judgment is GRANTED.

The Clerk is directed to incorporate this Decision and Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: _Nov. 9, 2021_

_____
Mary Gay Kennedy, Justice
Maine Superior Court

Entered on the Docket: 11/12/2021

Page 8 of 8

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: RE-18-119

KEYBANK NATIONAL
ASSOCIATION,

    Plaintiff,

    v.

CYNTHIA ANN WATSON,
Personal Representative of the
Estate of John C. Watson, Jr., a/k/a
John C. Watson,

    Defendant, and

U.S. BANK NATIONAL
ASSOCIATION, AS TRUSTEE FOR
TBW MORTGAGE BACKED
TRUST SERIES 2007-2, TBW
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-2, and
STATE OF MAINE-MAINE
REVENUE SERVICES,

    PARTIES IN INTEREST

)
)
)
)
)
)
)
)
)
)

ORDER

RECD CUMB CLERKS OFC
AUG 20 '21 PM2:31

Before the Court is Plaintiff's Motion for Summary Judgment. After due consideration, the court declines to rule on the pending Motion and orders that the parties submit supplemental briefs regarding the matters discussed herein.

## I. Factual Background

Plaintiff, Key Bank National Association, is the current owner and holder of both a Promissory Note and Mortgage in the property located at 110 Mayberry Rd., in Gray Maine. (PSOMF ¶ 1-6). Both the Note and Mortgage were executed and delivered by John C. Watson Jr., ("Borrower") on November 14, 2000. (PSOMF ¶ 1-5.) The Note provided the Borrower with a Home Equity Line of Credit ("HELOC") in the amount of $80,000. (PSOMF ¶ 1.) The Note granted the Borrower a fifteen-year "draw period" in

which Key Bank agreed to advance funds to the Borrower up to the $80,000 line of credit, upon request. (PSOMF ¶ 1.) The Note is secured by the November 14, Mortgage. (PSOMF ¶ 3.) The line of credit on the Note was increased to $140,000 on December 9, 2004. (PSOMF 5.)

On February 20, 2007, the borrower owed $139,910.18 to Key Bank under the terms of the original Note. (Pl's. Mot. Sum. Judg., Exhibit G.) On March 16, 2007, the Borrower executed and delivered to Taylor, Bean, and Whitaker Mortgage Corporation ("TBWMC") a promissory note in the amount of $174,000. (PIISOMF ¶ 1.) The Note to TBWMC was secured by a mortgage on the same property subject to the HELOC Note and Mortgage. (PIISOMF ¶ 2). The Borrower used funds from the TBWMC loan to pay off his balance owed to Key Bank. (PIISOMF ¶ 6.) TBWMC indicated in a U.S. Department of Housing and Urban Development "Settlement Statement" that it specifically distributed $141,965.65 to the borrower for "First Mortgage Payoff to Key Bank." (PII R. to Pl's. Mot. Sum. Judg., Exhibit K.) There is no evidence that the borrower made any attempt to terminate his HELOC account with Key Bank. (PSOMF ¶ 10.) The Borrower subsequently and periodically received funds on the HELOC account and has a current outstanding balance of $182,309.36 on the original Note. (PSOMF ¶ 17.)

The Borrower died on December 14, 2015. (PSOMF ¶ 12.) Both the HELOC Note and Note issued to TBWMC are now in default. (PSOMF ¶ 14.) The Party-in-Interest, U.S. Bank National Association, is the current owner and holder of the 2007 Mortgage. (PIISOMF ¶ 9.) Key Bank instituted this foreclosure action on the subject property and has filed for summary judgment, alleging that it's 2000 Mortgage holds priority. U.S. Bank argues that the 2007 Mortgage holds priority over Key Bank's HELOC Mortgage by virtue of "equitable subrogation."

## II. Summary Judgment Standard

Summary judgment is granted to a moving party where "there is no genuine issue as to any material fact" and the moving party "is entitled to judgment as a matter of law." M.R. Civ. P. 56(c). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." Lougee Conservancy v. CityMortgage, Inc., 2012 ME 103, ¶ 11, 48 A.3d 774 (quotation omitted). On summary judgment, the court considers reasonable inferences that may be drawn from the facts. Curtis v. Porter, 2001 ME 158, ¶ 9, 784 A.2d 18. Additionally, the nonmoving party benefits from all "favorable inferences that may be drawn from the facts presented." Id. (quotation marks omitted). "When facts or reasonable inferences are in dispute on a material point, summary judgment may not be entered." Id. "Summary judgment, when appropriate, may be rendered against the moving party." M.R. Civ. P. 56(c).

## III. Discussion

To be entitled to Summary Judgment on a foreclosure claim, a mortgagee must establish that there are no disputed material facts for each of the following elements: (1) the existence of the mortgage, including the book and page number of the mortgage and an adequate description of the mortgaged premises, including the street address; (2) ownership of the mortgage note and mortgage, including all assignments and endorsements of the note and mortgage; (3) a beach of condition of the mortgage; (4) the amount due on the mortgage note, including any reasonable attorney fees and court costs; (5) the order of priority and any amounts that may be due to other parties in interest, including any public utility easements; (6) evidence of properly served notice of default and mortgagor's right to cure in compliance with statutory requirements; (7) proof of mediation, when required; and (8) if the homeowner has not appeared in the proceeding, a statement, with a supporting affidavit, of whether or not the defendant is in military

services in accordance with the Servicemembers Civil Relief Act. *Chase v. Home Fin. LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508. U.S. Bank argues that Key Bank is not entitled to summary judgment because U.S. Bank's 2007 Mortgage should be equitably subrogated in place of Key Bank's prior recorded mortgage because it provided the funds to satisfy the Borrower's debt owed to Key Bank.

## A. Open Ended Mortgage

The mortgage held by KeyBank appears to have been open-ended because it was designed to secure a line of credit upon which Watson could draw from, rather than secure a set loan amount. Under Maine law, "debts or obligations secured by a mortgage that arise subsequent to the execution and recording of the mortgage, . . . have priority over the rights of all persons who, subsequent to the recording of such a mortgage, acquire any rights in or liens upon the mortgaged real estate[.]" 33 M.R.S. §§ 505(1)(B), 5. Neither party addressed this statutory provision in the summary judgement record. Accordingly, the court finds that it would be inappropriate to rule on the present Motion for Summary Judgment.

The court orders that the parties provide supplemental briefs addressing 33 M.R.S. § 505 and its effect on the present dispute. The parties shall have sixty days from the entry of this order to submit their briefs to the court.

The entry is:

The parties are ORDERED to submit supplemental briefs to the court discussing the matters addressed herein.

The parties hall have SIXTY (60) days from the entry of this Order to submit their briefs.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: 8/20/2021

MaryGay Kennedy, Justice
Maine Superior Court